IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF BUAY J.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF BUAY J., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
BUAY J., APPELLANT.

Filed February 25, 2014.    No. A-13-600.

Appeal from the Separate Juvenile Court of Douglas County: CHRISTOPHER KELLY, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Rachael A. Smith for appellant.

Donald W. Kleine, Douglas County Attorney, and Paulette Merrell for appellee.

INBODY, Chief Judge, and PIRTLE and RIEDMANN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Buay J. appeals an order of the juvenile court for Douglas County committing him to the Youth Rehabilitation and Treatment Center (YRTC) in Kearney, Nebraska. Because we conclude that YRTC was the least restrictive placement for Buay consistent with his best interests, we affirm the order of the juvenile court.

### BACKGROUND

The State filed a petition in the juvenile court alleging that Buay, who was 16 years old, came within the meaning of Neb. Rev. Stat. § 43-247 (Reissue 2008). The petition alleged that Buay had committed two crimes, use of a deadly weapon (firearm) to commit a felony, a Class IC felony, and robbery, a Class II felony. Buay subsequently entered a plea of admission to the robbery charge, and the State dismissed the use of a deadly weapon charge. The juvenile court

- 1 -

accepted Buay's plea and found that Buay was a child within the meaning of § 43-247(2) on proof beyond a reasonable doubt based on the plea entered and accepted by the court. Section 43-247(2) grants the juvenile court jurisdiction over "[a]ny juvenile who has committed an act which would constitute a felony under the laws of this state." The juvenile court found that reasonable efforts had been made to allow Buay to remain in the parental home and that it was in the best interests of Buay to be placed in the temporary custody of the Nebraska Department of Health and Human Services for the purpose of a secure evaluation. The court further ordered that Buay be detained at the Douglas County Youth Center (DCYC) for secure detention. The court also ordered a predisposition investigation to be conducted by a juvenile court probation officer and an evaluation by the Office of Juvenile Services (OJS).

A disposition hearing was subsequently held. An OJS evaluation, as ordered by the court, was offered and received into evidence. Additionally, a memorandum from a juvenile court probation officer was offered and received into evidence, which memorandum stated that the probation office had not completed its investigation because the hearing had been moved to an earlier date based on a motion to expedite the disposition filed by Buay.

The recommendations from the OJS evaluation included (1) placing the youth on probation; (2) community-based mental health/substance abuse services, including participating in an intensive outpatient substance abuse treatment program with high accountability, addressing antisocial behaviors and conduct problems, and submitting to random urinalysis tests to ensure abstinence of illegal drugs; and (3) placing Buay in an out-of-home placement. The family/parents consideration section of the OJS evaluation noted that "due to lack of structure/supervision/accountability in the home, Buay continues to break the law." It was also noted that Buay does "very well in high structured environment to include participating in a pro-social activity, employment, and getting good grades."

In regard to Buay's education, the OJS evaluation showed that Buay was expelled from school in the seventh grade after he engaged in a fight with a student. Prior to being expelled, he received 14 discipline referrals during the school year and missed 20 days of school. In eighth grade, Buay missed 116 classes before being detained at DCYC in March 2010 for violating probation. Buay attended ninth and tenth grade at Boys Town High School, as he had been placed at Boys Town. He received good grades there, and there were no incidents of discipline or attendance issues. Buay was enrolled at Bryan Senior High School for eleventh grade until he was expelled in March 2013 for having marijuana in his backpack at school. Prior to being expelled, he missed 110 classes, was tardy 21 times, and received 9 discipline referrals.

The OJS evaluation states that Buay has been using marijuana since he was 12 years old and that he indicated he planned to continue using it. He stated that he likes the relaxing feeling it gives him and that there was nothing he disliked about the drug. He reported that he did not use marijuana during his placement at Boys Town, but that he started using marijuana again a week after he left Boys Town and returned to his parents' home. He also stated that he would stop using marijuana again if he was placed in a group home, but would start using the substance after he completed the program.

The OJS evaluation also showed that Buay, who was 16 years old at the time of the evaluation, had an extensive criminal history. In November 2008, Buay was charged with second degree criminal trespass and theft by shoplifting $0 to $200. The charges were dismissed without

prejudice. He was charged with second degree trespassing in February 2009, but the charge was not prosecuted. In May 2009, Buay was charged with third degree assault (amended to disturbing the peace). Buay was detained at DCYC for 2 weeks after the incident and then released to his parents. In July 2009, Buay was charged with burglary (amended to criminal trespass) when he entered a bank after it had closed. He was detained at DCYC for a short time, and then placed on probation and returned to his home.

In January 2010, Buay was charged with theft by unlawful taking. He was again detained at DCYC and subsequently placed on probation and returned home. Buay went to court in March 2010 for violating probation by being late for curfew four times, not attending required classes, and testing positive for marijuana. He was then detained at DCYC. In March 2013, Buay was charged with possession of K2 or marijuana, 1 ounce or less. Finally, in May 2013, Buay was charged with committing use of a deadly weapon (firearm) to commit a felony and robbery, the crimes at issue.

Buay was admitted to the Boys Town Treatment Group Home Program in June 2010, and was then accepted in to the Boys Town Family Home Program in October 2010. While in these programs, Buay received individual, family, and group therapy; received educational programming; and completed a chemical use program. He did well in school while placed at Boys Town and successfully completed the program and returned to home in August 2012.

Since returning to his parents' home, Buay's father reported that "[Buay] has demonstrated he is unable or unwilling to resist negative peer pressure and make positive, independent choices while operating in the community." Buay resumed daily use of marijuana shortly after his discharge from Boys Town and continues to use marijuana. Buay also reported that he is a member of the "Trip Set" gang in Omaha.

At the conclusion of the disposition hearing, the court committed Buay to YRTC in Kearney, finding that such commitment was necessary for the protection of the health and welfare of the child and society. The court based its decision on Buay's extensive history of criminal activity in the community; his continued use of marijuana; his active involvement in a gang; his extensive use of the juvenile court resources, including a 2-year placement at Boys Town; his being detained at least four times since 2009; his previous placement on probation; and his receiving therapy.

## ASSIGNMENTS OF ERROR

Buay assigns that the juvenile court erred in committing him to YRTC because it is not in his best interests and is not the least restrictive level of care.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011).

## ANALYSIS

Section 43-247(2) grants the juvenile court jurisdiction over "[a]ny juvenile who has committed an act which would constitute a felony under the laws of this state." When a court

takes jurisdiction over a juvenile, it obtains the "'powers conferred on it by the Nebraska Juvenile Code . . . to provide for the treatment and rehabilitation of certain juveniles.'" *In re Interest of Skylar E.*, 20 Neb. App. 725, 733, 831 N.W.2d 358, 364 (2013). The foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect the juvenile's best interests. *Id.* Absent any provision affirmatively stating otherwise, it is within the juvenile court's discretion to issue whatever combination of statutorily authorized dispositions as the court deems necessary to protect the juvenile's best interests. *In re Interest of Katrina R.*, 281 Neb. 907, 799 N.W.2d 673 (2011).

A juvenile court has broad discretion as to the disposition of a child found to be within the jurisdiction of the juvenile court under § 43-247(2). See Neb. Rev. Stat. § 43-286 (Cum. Supp. 2012). In such a case, the juvenile court may commit such juvenile to OJS for placement at YRTC if the youth is over the age of 14. See § 43-286(1)(b). At the same time, Neb. Rev. Stat. § 43-532 (Reissue 1998) dictates that state policy is to assist juveniles in the "least restrictive method consistent with the needs of [each] child." See *In re Interest of Skylar E., supra.* The policy applies to "children . . . who, by their circumstances or actions, have violated the laws, rules, or regulations of the state and are found to be in need of treatment or rehabilitation" and must be interpreted "in conjunction with all relevant laws, rules, and regulations of the state." § 43-532.

In the present case, the juvenile court acquired jurisdiction of Buay pursuant to § 43-247(2) because he entered a plea of admission to robbery, a Class II felony. Because the court acquired jurisdiction of Buay under § 43-247(2) and Buay is older than 14, the court had the power to commit Buay to YRTC. However, in making that decision, the juvenile court was required to find that YRTC was the least restrictive placement consistent with Buay's needs. See *In re Interest of Skylar E., supra.*

The court determined that YRTC was the least restrictive placement consistent with Buay's needs based on Buay's extensive criminal history; his continued use of marijuana; his active gang status; his extensive use of the juvenile court resources, including a 2-year placement at Boys Town; his being detained at least four times since 2009; his previous placement on probation; and his receiving therapy. Based on Buay's history and past involvement with the juvenile court, the court found that Buay was no longer amenable to juvenile court treatment or services.

Based on the evidence presented at the disposition hearing, we conclude that the juvenile court did not err in finding that YRTC was the least restrictive placement consistent with Buay's needs. Buay continues to use marijuana regularly. He began using at the age of 12 and has no plans to discontinue using marijuana. He stated that he likes the relaxed feeling it gives him and that there is nothing he dislikes about the drug. He also stated that he would stop using marijuana again if he was placed in a group home, but would start using the substance after he completed the program. Buay also admitted to being a gang member.

The instant case originated with charges against Buay for use of a deadly weapon (firearm) to commit a felony and robbery. He admitted to the robbery charge, a Class II felony, and the use of a weapon charge was dismissed. These charges were far from the first criminal charges to be brought against Buay. At the age of 16, Buay had an extensive criminal history, including charges for criminal trespass, theft by shoplifting, trespassing, third degree assault

(amended to disturbing the peace), burglary (amended to criminal trespass), theft by unlawful taking, and possession of K2 or marijuana, 1 ounce or less. The charges date back to 2008 and indicate the progression of his poor judgment and criminal behavior in society.

As a result of Buay's criminal activity, he has been detained at least four times since 2009, has previously been on probation, and has had therapy. Buay violated his probation by being late for curfew, failing to attend required classes, and testing positive for marijuana.

Buay spent over 2 years at Boys Town, initially in the treatment group home program and then the family home program. During his time at Boys Town, Buay received individual, family, and group therapy; received educational programming; and successfully completed a chemical use program. Buay did well in school while at Boys Town, and there were no incidents of discipline or attendance issues. However, shortly after his release from Boys Town, he began using marijuana again and continued to use it at the time of the OJS evaluation.

Despite the services Buay received at Boys Town, he was not successful in maintaining a crime-free lifestyle outside of that structured environment. Although Buay was successful during his time at Boys Town, the fact that Buay quickly returned to his old ways is evidence that a treatment center is not the least restrictive level of care appropriate for Buay's needs.

Although the OJS evaluation did not recommend committing Buay to YRTC, a juvenile court has broad discretion as to the disposition of a child found to be within the jurisdiction of the juvenile court under § 43-247(2). See § 43-286. Therefore, it was within the court's discretion to commit Buay to YRTC upon determining that it was the least restrictive placement and that it was in his best interests. See § 43-286. We conclude that the juvenile court did not err in committing Buay to YRTC.

## CONCLUSION

We conclude that YRTC was the least restrictive placement for Buay consistent with his best interests. Accordingly, the juvenile court did not err in committing Buay to YRTC. The order of the juvenile court is affirmed.

AFFIRMED.